FILED

2018 Mar-08  AM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| AZIZ IHAB SAYYED | ) |

## <u>PLEA AGREEMENT</u>

The United States and AZIZ IHAB SAYYED ("AZIZ SAYYED" or "SAYYED" or "the defendant") hereby acknowledge the following plea agreement in this case:

## <u>PLEA</u>

The defendant agrees to plead guilty to Count One of the Information filed in this case.  In exchange, the United States agrees (1) to recommend the disposition specified below; and (2) not to further prosecute the defendant for the conduct outlined in the factual basis; both subject to the conditions in paragraphs III, IV, VIII, and XIII.

## <u>TERMS OF THE AGREEMENT</u>

## I.   <u>MAXIMUM PUNISHMENT</u>

Count One
Attempting to Provide Material Support or Resources
to a Designated Foreign Terrorist Organization
<u>18 U.S.C. § 2339B</u>

The defendant understands that the maximum statutory punishment that may

Defendant's Initials A.S.

be imposed for violating 18 U.S.C. § 2339B is:

    A.  Imprisonment for not more than 20 years;

    B.  A fine of not more than $250,000;

    C.  Both (a and b);

    D.  Supervised release of any term of years, up to and including life; and

    E.  Special Assessment Fee of $100 per count.

## II.    <u>FACTUAL BASIS FOR PLEA</u>

The defendant stipulates that the following facts are true and may be used to establish a factual basis for defendant's guilty plea and sentence.  Between in or about January 2017, through in or about June 2017:

    A.    SAYYED was a citizen of the United States living in Huntsville, Madison County, Alabama, within the Northern District of Alabama, and knew that the Islamic State of Iraq and al-Sham ("ISIS") was a designated foreign terrorist organization, and that ISIS had engaged in, and was engaging in, terrorist activity and terrorism.

    B.    As part of SAYYED's attempt to provide personnel and services to ISIS:

    1.    SAYYED obtained and viewed information, including propaganda videos, about foreign terrorist groups including ISIS, and their activities in Syria and other countries, and various foreign terrorist leaders. These videos depicted ISIS forces committing bombings, executions by gunshot, beheadings, and other violent acts.  This material inspired and/or encouraged SAYYED to consider and participate in the activities described below.  SAYYED shared this material with other individuals, often narrating the video contents.

    2.    SAYYED expressed and/or demonstrated his affinity for, and belief in, ISIS.  For instance, SAYYED discussed with others the virtues of ISIS, sang ISIS chants, possessed an ISIS flag, and stated that ISIS was on the "right

Defendant's Initials A S

path." He expressed support for ISIS attacks which had occurred around the world. When watching ISIS propaganda videos depicting violent acts, including explosions, SAYYED became excited. When asked whether he would ever participate in beheadings, SAYYED responded, in substance, "is there any higher honor?"

3.      SAYYED researched and learned how to make triacetone triperoxide ("TATP"), a highly volatile and extremely dangerous explosive material. SAYYED shared with others his knowledge of how to make TATP. SAYYED shared with others his desire to make TATP, to test it, and his professed aspiration to use TATP in an explosive belt and/or a car bomb.

4.      TATP is made by combining precursors – sulfuric acid, acetone, and peroxide. SAYYED obtained two of the precursors (acetone and hydrogen peroxide) at the same store on two different occasions and obtained the third precursor, sulfuric acid, in a different store on a different date. By altering the times and locations for the purchases, SAYYED was using operational security in order to avoid scrutiny and detection of the purpose of these purchases. All three precursors were later discovered during a search of SAYYED's apartment.

5.      SAYYED discussed with others his pro-ISIS views, watched propaganda videos with these individuals, discussed his TATP knowledge with these people, and discussed his aspiration to conduct one or more ISIS-inspired attacks on police stations and/or on Redstone Arsenal with two of the individuals. SAYYED attempted to form a cell to perform violent acts within the United States.

6.      SAYYED went to a shooting range located within the Northern District of Alabama, where he learned how to operate certain firearms, and practiced shooting the firearms.

7.      On or about June 13, 2017, SAYYED met with a person he understood to be an ISIS member. In fact, this person was an undercover employee ("UCE") for the Federal Bureau of Investigation. This meeting occurred in Huntsville, Madison County, Northern District of Alabama. During this meeting, SAYYED and the UCE discussed, among other things, the danger of TATP, ISIS's preference for the use of certain explosives, and SAYYED's desire to assist ISIS. During this meeting, SAYYED offered himself as personnel to the UCE, understanding that the UCE was an ISIS member.

Defendant's Initials A.S.

The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant may have committed.

*AS*
_____
**AZIZ IHAB SAYYED**

## III.   AGREEMENT REGARDING CERTAIN SENTENCING GUIDELINE CALCULATIONS AND ENHANCEMENTS

The United States and the defendant agree that, in addition to any other applicable guideline calculations, the following guideline calculations and enhancements apply in this case:

A.    The Sentencing Guideline applicable to the offense of attempted provision of material support or resources to a foreign terrorist organization is U.S.S.G. § 2M5.3, which provides a base offense level of 26.

B.    Because the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, the offense level is increased by 12 levels pursuant to U.S.S.G. § 3A1.4(a). Pursuant to U.S.S.G. § 3A1.4(b), the defendant's criminal history category shall be VI.

C.    If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, and the probation office recommends a two-level reduction

for "acceptance of responsibility," as provided in U.S.S.G. § 3El.l(a), the government will concur in the recommendation.

       D.     If the above two-level reduction is applied, and if the defendant timely complies with all the requirements of this agreement, the government will recommend an additional one level reduction pursuant to U.S.S.G. 3E 1.1 (b), if applicable.

## IV.   **STIPULATED SENTENCE**

       Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., and based on the factors found at 18 U.S.C. § 3553(a), the parties agree to request that the Court sentence the defendant to a sentence of 180 months imprisonment and a lifetime term of supervised release as part of the appropriate sentence in this case. If after reviewing the Pre-Sentence Investigation Report, the Court rejects this agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea agreement, pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).

## V.   **WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF AND WAIVER OF RIGHT TO FURTHER DISCOVERY**

       **In consideration of the recommended disposition of this case, I, AZIZ IHAB SAYYED hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture**

Defendant's Initials A.S.

orders that the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

A.      Any sentence imposed in excess of the applicable statutory maximum sentence(s);

B.      Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and,

C.      Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.  The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

**I, AZIZ IHAB SAYYED** hereby acknowledge that I accepted this Plea

Defendant's Initials A S

Agreement and decided to plead guilty because I am in fact guilty.  I

acknowledge that I have received sufficient discovery to knowingly and

intelligently make that decision.  I expressly waive any right to receive

additional material.

     I, AZIZ IHAB SAYYED, hereby place my signature on the line directly

below to signify that I fully understand the foregoing paragraphs, and that I

am knowingly and voluntarily entering into this waiver.

                             _A§_____

                             **AZIZ IHAB SAYYED**

## VI.   <u>UNITED STATES SENTENCING GUIDELINES</u>

     Defendant's counsel has explained to the defendant, that in light of the

United States Supreme Court's decision in <u>United States v. Booker</u>, the federal

sentencing guidelines are advisory in nature.  Ordinarily, sentencing is in the

Court's discretion and is no longer required to be within the guideline range.  The

Parties in this case, however, have agreed to a stipulated sentence as described in

Section IV. To the extent the Court must decide guideline issues not addressed by

the stipulated sentence, the defendant agrees that the court may use facts it finds by

a preponderance of the evidence to reach an advisory guideline range, and

defendant explicitly waives any right to have those facts found by a jury beyond a

reasonable doubt.

## VII.   <u>AGREEMENT IS BINDING ON COURT</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the stipulated sentence described in Section III binds the Court.  However, as to any other terms and conditions of the sentence, other than the term of imprisonment and supervised release term, the Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Parties, is NOT BINDING UPON THE COURT, and that the Court need not accept any other recommendations. Further, the defendant understands that if the Court does not accept the Parties' recommendations, he does not have the right to withdraw his plea, other than the right previously addressed, as to the term of imprisonment, under Rule 11(d)(2).

## VIII.   <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of *nolo contender* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

Defendant's Initials A S

## IX.   <u>OTHER DISTRICTS AND JURISDICTIONS</u>

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X.   <u>COLLECTION OF FINANCIAL OBLIGATION</u>

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs.  The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful.  Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   <u>AGREEMENT REGARDING RELEVANT CONDUCT</u>

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts.  The defendant understands and agrees that the conduct contained in the factual basis

Defendant's Initials A.S.

will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct.

## XII.   AGREEMENT REGARDING RESTITUTION, FINE, TAX, AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's tax liabilities, if any, or to any other pending or prospective forfeiture or other civil or administrative proceedings, not otherwise addressed herein.

<u>Immigration Status</u>

Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including any attorney or the district court, can predict to a certainty the effect of conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal

Defendant's Initials A S

from the United States.

## XIII. <u>AGREEMENT IF DEFENDANT ATTEMPTS TO WITHDRAW HIS PLEA OF GUILTY</u>

The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty, has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the Judge has accepted it.

The defendant acknowledges that Federal Rule of Criminal Procedure 11(f) and Federal Rules of Evidence 408 and 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions. The defendant knowingly and voluntarily waives these rights and agrees that any statements made in the course of the defendant's guilty plea or this plea agreement (in part or in its entirety, at the sole discretion of the United States) will be admissible against the defendant for any purpose in any criminal or civil proceeding if the defendant fails to enter or attempts to withdraw the defendant's guilty plea (other than in accordance with Section IV), or in any post-conviction proceeding challenges the voluntary nature of the guilty plea.

## XIV. <u>DEFENDANT'S UNDERSTANDING</u>

I have read and understand the provisions of this agreement consisting of 13 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand

Defendant's Initials A S

that by pleading guilty, I will be waiving and giving up my right to continue to

plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to

confront, cross-examine, or compel the attendance of witnesses, to present

evidence in my behalf, to maintain my privilege against self-incrimination, and to

the presumption of innocence.  I agree to enter my plea as indicated above on the

terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN
MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE,
NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO
INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the

past 48 hours except as stated here:

_____

I understand that this Plea Agreement will take effect and will be binding as

to the Parties after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this

Agreement and have signed the signature line below to indicate that I have read,

understand, and approve all of the provisions of this Agreement, both individually

and as a total binding agreement.

3/4/2018
DATE

AZIZ IHAB SAYYED

## XV.   COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised him of all his rights and all possible defenses.   My client has conveyed to me that he understands this Agreement and consents to all its terms.   I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.   I concur in the entry of the plea on the terms and conditions set forth herein.

3-4-18
_____
Date

_____
BRUCE GARDNER
Defense Counsel

## XVI.   GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

3/5/18
_____
Date

_____
HENRY CORNELIUS
Assistant United States Attorney

_____
DAVIS A. BARLOW
Assistant United States Attorney

Defendant's Initials _A S_