FILED

2025 Jul-21  PM 01:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **AZIZ IHAB SAYYED,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:24-cv-8022-LCB** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Petitioner Aziz Ihab Sayyed filed an Amended Motion to Vacate, Set Aside, or Correct his 180-month sentence under 28 U.S.C. § 2255(a). (Doc. 9). The Government opposes the motion. (Doc. 11). Upon consideration, the Court will deny Sayyed's motion.

Section 2255(a) provides that a prisoner may successfully move to vacate his sentence in four limited scenarios: (1) where "the sentence was imposed in violation of the Constitution or laws of the United States," (2) where "the court was without jurisdiction to impose such sentence," (3) where "the sentence was in excess of the maximum authorized by law," or (4) where the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The prisoner bears the burden of proving the claims in his § 2255 petition. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015). However, Section 2255 motions must be filed within one year of the date that

a defendant's conviction was finalized. *See* 28 U.S.C. 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section" and "shall run from . . . the date on which the judgment of conviction becomes final"). Section 2255 may be considered by a district court outside of the one-year limitation when a defendant is entitled to equitable tolling.

Sayyed plead guilty to attempting to provide material support or resources to a designated foreign terrorist organization, a violation of 18 U.S.C. § 2339B. (Docs. 1 & 7, Case No.: 5:18-cr-0090-LCB-HNJ). He was sentenced to 180 months of imprisonment, followed by lifetime supervised release on June 25, 2018. (Doc. 12, Case No.: 5:18-cr-0090-LCB-HNJ). Sayyed filed his original Motion to Set Aside, Vacate or Correct his sentence six years post-conviction. (Doc. 1). The Court can therefore only address the merits of Sayyed's motion if he is entitled to equitable tolling.

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "'Equitable tolling is an extraordinary remedy which is typically applied sparingly.' An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. The equitable tolling analysis is

fact-specific and must be determined on a case-by-case basis." *Mazola v. United States*, 294 F. App'x 480, 482 (11th Cir. 2008) (citations omitted).

Sayyed argues that his section 2255 motion should not be time-barred due to equitable tolling "because the judgment of conviction and sentence . . . is absolutely void ab inito, and thus cannot be enforced by the time limitation under section 2255 to excuse or justify Respondent's intentional and illegal restraint on [Petitioner's] personal liberty, life, and privacy." (Doc. 9 at 11). Sayyed additionally asserts that he was "unable to conduct [an] adequate investigation to have discovered the facts in time to present for relief due to the restraint on [his] personal liberty" and "due to [his] incompetence in the law and lack of competent counsel." (*Id.*). Sayyed continues by stating that he "discovered the facts in December 2023, after 5 years of acquired knowledge and understanding throug[h] diligent pursuit of [his] rights, . . . by studying the constitution to understand [his] rights[,] conducting legal research from the law library provided by Respondent[,] and reviewing the record with the help of an inmate." (*Id.*).

In his Reply,[1] Sayyed asserts that the facts "justify [his] entitlement to equitable" tolling because "such [a] void judgment is an exception to the [one-year filing] rule and can be raised at [any time]." (Doc. 12 at 4). He also states that the

_____

[1]     Sayyed filed a document entitled *Affirmation of Aziz Ihab Sayyed in Support of My Amended Section 2255 Motion to Vacate Void Judgment of Conviction and Sentence*. (Doc. 12). The Court construes this affirmation as a Reply to the Government's Response, Doc. 11.

3

application of "equitable tolling [] is necessary to prevent a manifest injustice as well as a complete miscarriage of justice." (*Id.*).

The problem for Sayyed is that even if this Court found that he acted with reasonable diligence in pursuit of his rights, he fails to point to anything resembling an extraordinary circumstance beyond his control that prevented his timely filing of a 2255. Sayyed's arguments in favor of equitable tolling can be boiled down to three categories: he does not know the law and does not have an attorney, he has been in custody, and the judgment that serves as the basis for why he is filing his motion is void so it serves as the basis for why the Court should permit equitable tolling. "Ignorance of the statute of limitations is not an excuse for failing to timely file" as "ignorance of the law[] [does not] constitute[] an extraordinary circumstance that would justify equitably tolling of the statute of limitations." *Saucedo v. United States*, 2019 WL 9359760, at *4 (M.D. Fla. Apr. 18, 2019) (citing *Spears v. Warden*, 605 F. App'x. 900, 904 (11th Cir. 2015)); *Wallace v. United States*, 981 F. Supp. 2d 1160, 1164 (N.D. Ala. 2013) (collecting cases).

Additionally, "there is no statutory or constitutional right to counsel for a § 2255 proceeding," so Sayyed's *pro se* status cannot be deemed an extraordinary circumstance. *Wilson v. United States*, No. 215CR00366LSCTMP1, 2020 WL 3577107, at *2 (N.D. Ala. July 1, 2020) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no "constitutional right to counsel when mounting collateral attacks

4

upon . . . convictions" exists)). Even so, nowhere in the record does Sayyed seek appointment of counsel[2] and therefore he cannot use his "lack of competent counsel" as a basis for equitable tolling. (Doc. 9 at 11).

As for his final two arguments, nearly every petitioner filing under section 2255 would be entitled to equitable tolling granted if being in custody were considered an extraordinary circumstance because nearly every petitioner filing under section 2255 is incarcerated. Incarceration is not extraordinary; it is a byproduct of Sayyed's conviction and holding otherwise would undermine the statute of limitations for incarcerated petitioners. Nor is challenging an alleged void judgment an extraordinary circumstance—the purpose of relief under section 2255 is to challenge a potentially void judgment. One cannot establish the extraordinary circumstances necessary for equitable tolling by re-asserting the basis for their motion.

Accordingly, the Court **DENIES** Sayyed's Motion to Vacate, Set Aside, or Correct his sentence. (Doc. 9). The Clerk is directed to mail a copy of this order to Sayyed and to close this action.

---

[2] Section 2255(h) provides that a court *may* appoint counsel in a section 2255 proceeding. Such appointment of counsel is governed by 18 U.S.C. § 3006A and the court may appoint counsel in a section 2255 proceeding whenever "the interests of justice so require."

**DONE** and **ORDERED** July 21, 2025.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE